UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| XR COMMUNICATIONS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. et al.,<br><br>*Defendants*. | Case No. 6:21-CV-00626-ADA<br><br>JURY TRIAL DEMANDED |

**NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

Plaintiff XR Communications, LLC submits this notice of supplemental authority in support of its opposition to Defendants' motion to stay pending *inter partes* review (IPR) (Dkt. 61). On January 17, 2023, the Court issued an order denying Dell's motion to stay pending IPR in *XR Communications, LLC v. Dell Technologies Inc.*, No. 1:22-cv-00861-RP ("*Dell*"), attached as Exhibit A. In the order, the Court found that the simplification of the issues factor "strongly weighs against a stay" in light of the PTAB's denial of Apple and HP's IPR petition challenging claims 1–7 and 15–16 of U.S. Patent No. 10,715,235 ("'235 patent"). Ex. A at 3. The Court explained that "XR will still have live claims to assert" regardless of the outcome of the other pending IPRs, and that "[i]n the court's experience, discovery relevant to the claims in IPR and not in IPR will greatly overlap." *Id.* at 2–3.

Further, while the Court found the prejudice factor neutral, it rejected Dell's argument that XR cannot be prejudiced by a stay because it is a patent holding company. The Court explained that "a stay risks the loss of testimonial and documentary evidence potentially valuable to Plaintiff's case, and that a "'patent holder has an interest in the timely enforcement of its patent

1

right,' even when the patent holder has only sought monetary relief." *Id.* at 3. The Court also found the stage of the case was neutral where the trial date was not set, the *Markman* hearing had not occurred, and the scheduling order had not yet been entered.[1] *Id.* at 2–3.

The Court's order denying Dell's motion to stay pending IPR further supports denying Defendants' motion to stay pending IPR in this case. As in *Dell*, XR has asserted the '235 patent against Defendants. And because there are no pending IPRs (instituted or not) regarding asserted claims 1, 2, 4, 5, 15, and 16 of the '235 patent, "XR will still have live claims to assert" regardless of the outcome of the other pending IPRs. This strongly weighs against a stay. Further, this case is far more advanced than *Dell*, as claim construction is complete and trial has been set for June 23, 2023. Dkt. 30.

| | |
|---|---|
| Date: January 18, 2023 | Respectfully submitted, |
| | */s/ Reza Mirzaie*<br>Marc A. Fenster<br>Reza Mirzaie<br>Philip X. Wang<br>James N. Pickens<br>Minna Y. Chan<br>Christian Conkle<br>Jason Wietholter |
| | RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90024<br>T: 310/826-7474<br>F: 310/826-6991<br>rmirzaie@raklaw.com<br>rak_vivato@raklaw.com |
| | *Counsel for Plaintiff XR Communications LLC dba Vivato Technologies* |

---

[1] The *Dell* case was originally filed in this Court and then transferred to the Austin Division on August 23, 2022. On January 10, 2023, the parties submitted competing proposals for the case schedule, which the Court has yet to rule on.

## CERTIFICATE OF SERVICE

      I certify that on January 18, 2023, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Reza Mirzaie*
Reza Mirzaie
